# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF NEW YORK

Albany Office
39 NORTH PEARL ST.
5TH FLOOR
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

Syracuse Office
4 CLINTON SQUARE
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

**Lisa Peebles**
**Federal Public Defender**

**RESPOND TO SYRACUSE OFFICE**

July 22, 2019

Honorable Thomas J. McAvoy
Senior United States District Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

  Re: **United States of America v. William D. Wood, Jr.**
     **Docket Number 19-cr-58 (TJM)**

Dear Judge McAvoy,

  We write to respectfully request that this Court issue an order authorizing the United States Marshal to transfer William Wood to the New York State Department of Corrections and Community Supervision (DOCCS) as ordered by Onondaga County Court Judge Stephen Dougherty.[1] Doing so will permit Mr. Wood to begin serving his state sentence in a facility better equipped to promote rehabilitation and address his individual needs, while at the same time reduce the federal costs associated with his pretrial detention. Moreover, granting the requested relief will in no way interfere with the ability to make Mr. Wood available for any future appearance in this pending federal case.

---

[1] We have submitted a proposed order along with this letter request.

William Wood's current detention stems from his initial state arrest and charges filed in Onondaga County in September 2018. A grand jury there returned an indictment in November 2018, charging him in ten counts – including murder, robbery, and firearm offenses – based on his alleged involvement in an after-hours robbery of Chili's Grill & Bar in Dewitt, New York on September 15, 2018. At his arraignment, he was ordered detained without bail and placed in the custody of the Onondaga Sheriff at the Onondaga County Justice Center.

On February 14, 2019, a federal grand jury returned a three-count indictment based on the same alleged incident, charging William Wood with one count of committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and two counts of using a firearm in furtherance of a crime of violence and murder, in violation of 18 U.S.C. § 924(j)(1). That same day, United States Magistrate Judge Peebles issued a writ of *habeas corpus ad prosequendum*. The writ ordered his custodian (Onondaga County Justice Center), an agent of the Bureau of Alcohol Tobacco, Firearms and Explosives (ATF), and the United States Marshal for the Northern District of New York to produce William Wood for a federal court proceeding on February 15, 2019 and "any further proceedings to be had in this cause, and at the conclusion of said proceedings to return said detainee to the above-named custodian."[2] He was produced for an initial appearance and arraignment on February 15, 2019, and subsequently returned to the Onondaga County Justice Center. He has not made an appearance in federal court since.

On March 1, 2019, William Wood pleaded guilty in Onondaga County Court to all ten counts against him in the state indictment. He was continued held without bail at the Onondaga County Justice Center until the time of sentencing.[3]

---

[2] *See* Dkt. No. 3 (writ of *habeas corpus ad prosequendum*).
[3] On the date of Mr. Wood's plea in state court, Onondaga County District Attorney William Fitzpatrick filed an affidavit purporting to relinquish New York State's primary jurisdiction. The question of primary jurisdiction, however, has no bearing on the request to place William Wood in DOCCS custody while awaiting trial on the instant federal charges.

The Onondaga County Court held a sentencing hearing on April 15, 2019. As contemplated by the plea, William Wood was sentenced to life in prison without parole. Pursuant to state law requirements, County Court Judge Dougherty committed him to the custody of the DOCCS.[4] Moreover, the commitment order,[5] also in accordance with state law, directs the Onondaga County Sheriff to deliver him to the DOCCS.[6] While there is no fixed time period in which a sentenced defendant must be transferred "forthwith" to the DOCCS, the New York Court of Appeals held that the transfer is mandatory, not discretionary, and suggested it should be completed within 10 days of sentencing.[7]

---

In any case, the District Attorney's unilateral attempt to relinquish primary jurisdiction was invalid and ineffective for, at least, the following reasons. First, the County Court rejected the District Attorney's attempts to put off the state plea and then dismiss certain state charges in light of the then-recently filed federal indictment. When that did not work, the District Attorney sought to have Mr. Wood remanded to federal custody immediately following the pronouncement of state sentencing. Again the County Court rejected that attempt, sentenced Mr. Wood to life in prison, and committed him to the custody of the DOCCS. (The District Attorney has not appealed any of these adverse determinations). Accordingly, the state court has already effectively rejected the District Attorney's purported waiver and retained New York State's primary jurisdiction over Mr. Wood.

Second, only the Governor can relinquish or waive New York State's primary jurisdiction, and the Governor has not done so. *See People v. Grasso*, 616 N.Y.S.2d 156 (Supreme Ct., Richmond Co. 1994).

Third, William Wood has not consented to any transfer of primary jurisdiction, and he pled to the state charges with the understanding that, because he is in primary state custody, he will serve his state sentence first.

Finally, though obviously premature, the Federal Bureau of Prisons has not acquiesced to any purported transfer of primary jurisdiction. Nor, for that, matter has the DOCCS. Thus, Mr. Wood is in primary state custody, and nothing about the instant request or the placement of Mr. Wood in DOCCS custody will alter that fact.

[4] N.Y. Penal Law § 70.20 requires that "when an indeterminate or determinate sentence of imprisonment is imposed, the court shall commit the defendant to the custody of the [DOCCS] for the term of his or her sentence and until released in accordance with the law."

[5] The state commitment order is attached hereto.

[6] N.Y. Criminal Procedure Law § 430.20 commands that a defendant sentenced to a term of imprisonment be committed "forthwith" to the DOCCS.

[7] *See* Ayers v. Coughlin, 72 N.Y.2d 346 (1988).

Instead of being placed in the custody of the DOCCS to begin serving his state sentence, William Wood was transferred by the United States Marshal to the Broome County Correctional Facility. He has been detained there since April 16, 2019.

Counsel respectfully requests that this Court permit the United States Marshal to place him in a DOCCS facility.

Placing William Wood in a DOCCS facility will accomplish two main objectives. First, it will allow him to begin serving a state sentence in a state correctional facility. This will facilitate his placement in rehabilitative and educational programing and permit him to effectively obtain medical treatment, all of which is greatly hindered (if not altogether foreclosed) by his current placement.[8] Moreover, William Wood has an intellectual disability that will be better managed in a DOCCS facility.[9]

Second, placement in a DOCCS facility will relieve the federal government from shouldering unnecessary housing and administrative

---

[8] County jails serve to house pretrial detainees and sentenced defendants serving a year or less. Accordingly, local jails have little (or, oftentimes, no) meaningful educational or rehabilitative programming. In contrast, rehabilitation is a core mission of the DOCCS, as reflected in its mission statement: "To improve public safety by providing a continuity of appropriate treatment services in safe and secure facilities where all inmates' needs are addressed . . . ." *See* http://www.doccs.ny.gov/mission.html (last visited July 22, 2019). For that reason DOCCS "offers an extensive array of programs and services for inmates to re-direct their lives . . . ." *See* http://www.doccs.ny.gov/ProgramServices/index.html (last visited July 22, 2019). *See also* People ex rel. Perdue v. Jablonsky, 665 N.Y.S.2d 827, 830 (Supreme Ct., Nassau Co. 1997) (noting sentenced defendants have an "interest in entering the State prison system to obtain the significantly greater rehabilitation programs which are available there."); McGinnis v. Royster, 410 U.S. 263 (1973) (outlining disparity between New York county jails, which "serve primarily as detention centers," and New York State prisons, which provide broad rehabilitative programs and services).

[9] The defense team is currently conducting an extensive mitigation investigation. Although that investigation is still in its early stages, we have already uncovered significant evidence of William Wood's intellectual disability that will exempt him from the death penalty.

costs while William Wood awaits federal trial. Counsel has been informed that his current placement costs approximately $110 a day. Although a jury trial is currently scheduled for November 4, 2019, it is more likely that a trial on the pending federal charges will begin (if at all) no sooner than the spring of 2021, as the average time between indictment and trial in a federal capital case is approximately 29 months.[10] Further, if Mr. Wood's case were to proceed to capital trial, an *Atkins*[11] hearing regarding his intellectual disability would almost certainly be required.[12] Such hearings are necessarily complex, both procedurally and substantively, and require a substantial time to prepare for and conduct. It is reasonable to expect that if matters continue as they currently stand, William Wood will have remained in local detention for an extended period of time as this case is litigated as a death penalty case.

What is more, retaining William Wood's "local" detention appears to offer no real benefit. His current housing is more than 70 miles from his attorneys, family, witnesses, and the scene of the alleged crime.

Finally, placing William Wood in DOCCS custody will in no way prevent his production at any proceeding held pursuant to the pending federal charges.

Defense counsel made this request of Marshal McNulty on June 24, 2019. While acknowledging the logic behind our inquiry, Marshal McNulty stated that he could not accommodate our request on his own initiative. He stated that although the United States Marshal Services may move defendants from one county jail to another, they would need a court order directing a transfer to a state correctional facility. Therefore, we respectfully requests this Court issue an order

---

[10] *See* Declaration of Kevin McNally Regarding Pre-Trail Preparation Time (Jan. 22, 2019), available at https://fdprc.capdefnet.org/sites/cdn_fdprc/files/Assets/public/project_declarations/time/preparation_time_declaration_1.23.19.pdf (last visited July 22, 2019).
[11] Atkins v. Virginia, 536 U.S. 304 (2002).
[12] *See* Hall v. Florida, 572 U.S. 701 (2014); United States v. Wilson, 170 F.Supp.3d 347 (E.D.N.Y. 2016).

authorizing the United States Marshal to transfer William Wood to a DOCCS facility during the pendency of his federal case.

    Thank you for your consideration.

                              Respectfully yours,

                              */s/*
                              Lisa A. Peebles
                              Federal Public Defender

                              William T. Easton, Esq.

cc:   Lisa M. Fletcher, Assistant United States Attorney
      David McNulty, United States Marshal